JP:MPC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-1405**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

JEFFREY LOCHARD,

          Defendant.

- - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C.,
§ 1029(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

       YSEULT BELFORT, being duly sworn, deposes and says that she is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), duly appointed according to law and acting as such.

       In or about and between August 2010 and November 2010, within the Eastern District of New York and elsewhere, the defendant JEFFREY LOCHARD did knowingly, intentionally and with intent to defraud, use one or more unauthorized access devices during any one-year period, and by such conduct obtain things of value aggregating $1,000 or more during said period.

       (Title 18, United States Code, Section 1029(a)(2))

       The source of my information and grounds for my beliefs are as follows:

       1.   I have been a Postal Inspector with the USPIS for approximately 9 years.  As a Postal Inspector, I have

investigated numerous crimes perpetrated against financial
institutions, including credit card fraud and bank fraud.  As a
Postal Inspector, I have conducted physical surveillance,
executed court-authorized search warrants, interviewed witnesses,
reviewed extensive documents obtained through the execution of
search warrants and the service of subpoenas, and used other
investigative techniques to secure relevant information regarding
fraud perpetrated against financial institutions.

       2.    My knowledge of the information set forth in this
affidavit is based upon my personal participation in this
investigation and in numerous other investigations of fraud
perpetrated against financial institutions, including credit card
and bank fraud; my review of records and reports; my discussions
with witnesses and victims; my conversations with other law
enforcement agents involved in this investigation and similar
investigations; my conversations with and review of information
provided by financial institutions, credit card company
investigators and retailers; and my law enforcement experience
and training.

       3.    Because this affidavit is being submitted for the
limited purpose of establishing probable cause to support the
issuance of an arrest warrant, it does not include all of the
facts I have learned during the course of this investigation.
Where actions, conversations and statements of others are

reported in this affidavit, they are reported in substance and in part unless otherwise indicated.  Additionally, except as explicitly set forth herein, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts as to which I have hearsay or second-hand knowledge.

THE FRAUDULENT CREDIT CARDS

4.   In October of 2010, I was notified by JP Morgan Chase that approximately six credit cards mailed to customers between August and October of 2010 were never received by the customer.  All six of these customers reside in Queens, New York. Furthermore, I was advised there was substantial financial activity on each of the credit cards despite the fact that they were never received by the legitimate card holder.

5.   As detailed below, further investigation revealed that on September 6, 2010 the defendant attempted to purchase assorted merchandise totaling over $1,000 at the Wal-Mart located in Uniondale, New York using one of the reported missing Chase credit cards.  Specifically, after the credit card was denied, the defendant exited the store and a loss prevention officer from Wal-Mart followed the defendant.  The loss prevention officer observed the defendant enter a white Chevrolet van with New York Registration 76310-KA.  While in the parking lot, the loss prevention officer observed the defendant speaking on a cell phone.  After talking on the cell phone the defendant re-entered

4

the store and completed the transaction using the Chase card that
had previously been denied.  The Chase credit card was in the
name of a female who reported her card missing and informed your
deponent that she never gave anyone permission or authority to
use her card.  A check of New York State Department of Motor
Vehicles records identifies the defendant as the owner of a white
Chevrolet van New York Registration 76310-KA.

6. During the course of my investigation I recovered
surveillance video and still photographs from various retail
institutions showing the defendant making purchases using a
credit card.  For example, on August 26, 2010 the defendant is
seen on surveillance making a purchase of over $5,000 worth of
merchandise at the Apple Store located in Manhasset, New York.
The defendant was also caught by surveillance cameras on August
26, 2010 and September 6, 2010 making purchases at Wal-Mart in
Uniondale, New York.

7. During the course of my investigation I discovered
that retailers, including both Apple and Wal-Mart, keep a record
of each transaction at each point of sale.  The information the
retailer maintains includes the time of the transaction, what was
purchased and the method of payment including the credit card
number if a credit card was used.  When a comparison was done
between the video surveillance and the business records for what
type of payment was made at a given point of sale at a given

time, it was revealed that the defendant made the purchases using the stolen Chase credit cards which had previously been reported missing.

8.   The unauthorized use of the original six Chase credit cards have resulted in a estimated total loss to the affected financial institutions of at least $55,577.[1]

---

[1]    A criminal history check revealed that the defendant was convicted on March 15, 2010 in Henderson, North Carolina of Identity Theft.  According to a police report I obtained related to that conviction, when the defendant was arrested he was in possession of nine credit cards with various different names. The defendant is currently serving his 24 month probation sentence in New York City.

9.    WHEREFORE, I respectfully request that the defendant JEFFREY LOCHARD be dealt with according to law. Furthermore, your deponent respectfully requests that this affidavit be filed under seal.

YSEULT BELFORT
Postal Inspector
U.S. Postal Inspection Service

Sworn to before me this
24th day of November 2010

UNITED STATE
EASTERN DIST    S/ Mann